UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRENT EVERETT RUSS,<br><br>　　　　　　　　　Defendant. | NO:  13-CR-0154-TOR<br><br>ORDER RE: PRETRIAL MOTIONS FROM SECOND PRETRIAL CONFERENCE |

BEFORE THE COURT are the Defendant's Motion for Reconsideration of Release (ECF No. 76), Motion for Specific Discovery (ECF No. 88), Motion for *Henthorn* Material of Testifying Officers (ECF No. 89), Motion to Require Election of Multiplicitous Counts (ECF No. 90), and the Government's Motion to Compel Discovery (ECF No. 92).  The Court has considered the motions, the supporting and opposing pleadings, the oral argument presented at the pretrial conference held January 10, 2014, and is fully informed.

///

ORDER RE: PRETRIAL MOTIONS FROM SECOND PRETRIAL CONF.~ 1

## DISCUSSION

**Defendant's Motion for Reconsideration of Release (ECF No. 76)**

Defendant seeks to be released, contending that Dr. Mark Mays' report dated November 25, 2013 and filed under seal at ECF No. 64, concludes that he is not a risk to the community. The Defendant engaged a second expert, Dr. Philip Bernard, Ph.D., to conduct a second forensic evaluation to determine whether 1) he is competent to stand trial; 2) whether he suffered from diminished capacity at the time of the alleged offense; and 3) whether he presents a danger to the community if released. His report, dated January 2, 2014 and filed under seal at ECF No. 82, concludes that Defendant suffered a single psychotic episode causing him to suffer from diminished capacity at the time of the events. Both doctors opine that Defendant could not discern delusion from reality at the time, but assert that Defendant is now in remission. Defendant contends that both doctors agree he is not presently a danger to himself or the community.

Defendant contends he is competent to stand trial, has elected to invoke a diminished capacity defense and has rejected invocation of an insanity defense. The Government represents that its expert is expected to agree that Defendant is competent to stand trial, but the Court still has not received that report. In the meantime, the grand jury issued a superseding indictment which now charges

1  Defendant with two counts of mailing a threatening communication in addition to
2  the stalking charge.
3      The Court is required to consider, *inter alia*: the nature and circumstances of
4  the offense charged, the weight of the evidence against the person, the history and
5  characteristics of the person, including his character, physical and mental
6  condition, family ties, employment, financial resources, length of residence in the
7  community, community ties, past conduct, history relating to drug and alcohol
8  abuse, criminal history, record concerning appearance at court proceedings, and the
9  nature and seriousness of the danger to any person or the community that would be
10 posed by the person's release. *See United States v. Motamedi*, 767 F.2d 1403, 1407
11 (9th Cir. 1985); 18 U.S.C. § 3142(g).
12     The Court continues to harbor reasonable concerns about Defendant's
13 mental stability that prohibit it from releasing Defendant at this time.  According to
14 Dr. Bernard, Defendant experienced a severe psychotic/delusional episode of
15 unknown etiology.  Dr. Bernard concluded that Defendant was exhibiting
16 distorted/psychotic thought processes for a period of time, and the record shows
17 that period to have begun in February 2013 through the date of Defendant's
18 hospitalization in September 2013.  Significantly, no one knows why this episode
19 occurred and no one is treating the Defendant to prevent it from occurring again.
20 Dr. Bernard described Defendant's delusional episode as severe in nature and

ORDER RE: PRETRIAL MOTIONS FROM SECOND PRETRIAL CONF.~ 3

Defendant admitted acquiring firearms and ammunition during this period of time. Further, according to Dr. Bernard, testing revealed that Defendant appeared to be underreporting symptoms and he may demonstrate poor impulse control at times. Of further concern to the Court is the opinion of a doctor in September 2013, that Defendant's "risk of harming himself and/or others is estimated to be moderate to high without treatment." No one has quantified or described what that treatment would entail nor shown how this Court can fashion a treatment program, consistent with its obligations to abide by the Speedy Trial Act.

For these reasons, the Court finds by a preponderance of the evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required. The Court also finds by clear and convincing evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the safety of the community.

**Defendant's Motion for Specific Discovery (ECF No. 88)**

Defendant first seeks evidence from the Government that establishes the victim of the offense is a federal law enforcement officer. This fact is an element of the offense, as charged in the indictment. The Government has agreed to provide the information promptly. The Court so orders.

Next, Defendant seeks any expert reports required by Rule 16 concerning the Governments claim that aftermarket alterations were made to the firearms. The Government has not yet provided any discovery on this subject, yet the case has been pending since late September and the trial is two weeks away. The Court has serious doubts that expert testimony concerning any modifications would be relevant to any of the charges. The firearms are not in the Government's possession, it only has photographs of them. Accordingly, the Court will exclude expert testimony concerning aftermarket alterations. Defendant's discovery request is therefore denied as moot. The Court reserves ruling on whether the photographs of the firearms or other testimony about their existence will be admissible at trial.

**Defendant's Motion for *Henthorn* Material of Testifying Officers (ECF No.89)**

At the pretrial conference, the Government represented that it had requested and received no unfavorable personnel information concerning its expected federally employed witnesses. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) (government required to inspect for material information in the personnel records of federal law enforcement officers who will testify at trial). The Government has requested from the State information concerning two of its employees and the Government will turn over any unfavorable information to the defense upon receipt. Accordingly, the motion will be denied as moot.

ORDER RE: PRETRIAL MOTIONS FROM SECOND PRETRIAL CONF.~ 5

**Defendant's Motion to Require Election of Multiplicitous Counts (ECF No. 90)**

At the pretrial conference, the Defendant indicated that this motion was premature but that in the event of an unfavorable jury verdict, he would be renewing the motion. Accordingly, the motion will be denied with leave to renew.

**Government's Motion to Compel Discovery (ECF No. 92)**

At the pretrial conference, the Government indicated that it was withdrawing its motion to compel discovery from the Defendant.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Defendant's Motion for Reconsideration of Release (ECF No. 76) is **DENIED**.

2. The Defendant's Motion for Specific Discovery (ECF No. 88) is **GRANTED** with respect to evidence that the victim was a federal law enforcement officer and **DENIED** with respect to expert reports.

3. The Defendant's Motion for *Henthorn* Material of Testifying Officers (ECF No. 89), is **DENIED** as moot.

4. The Defendant's Motion to Require Election of Multiplicitous Counts (ECF No. 90), is **DENIED** with right to renew after the jury's verdict.

5. The Government's Motion to Compel Discovery (ECF No. 92) has been **WITHDRAWN**.

1    The District Court Executive is hereby directed to enter this Order and

2  provide copies to counsel.

3    **DATED** January 13, 2014.



                              THOMAS O. RICE
                         United States District Judge

ORDER RE: PRETRIAL MOTIONS FROM SECOND PRETRIAL CONF.~ 7